IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROBERT I. SHERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 08-3177 |
| | ) | |
| ROD BLAGOJEVICH, in his official capacity as Governor of the State of Illinois; JACK LAVIN, in his official capacity as Director, Illinois Department of Commerce and Economic Opportunity; and DANIEL W. HYNES, in his official capacity as Comptroller of the State of Illinois, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Defendant Jack Lavin ("Lavin") seeks remand [d/e 5] to the Circuit Court for the Seventh Judicial Circuit, Sangamon County.[1] Because Article III standing is lacking, the motion to remand is granted.

Plaintiff Robert Sherman ("Sherman"), an Illinois taxpayer, brought

---

[1] Lavin also filed a motion to strike [d/e 10] Blagojevich's response to the remand motion. That motion is denied as moot.

suit against Defendants Governor Rod Blagojevich ("Blagojevich"), Director of the Department of Commerce and Economic Opportunity Lavin, and Comptroller Daniel W. Hynes.  The First Amended Complaint, filed in an Illinois state court, challenges a grant program ("the Grant") authorizing the disbursement of $1,000,000 for the reconstruction of the Pilgrim Baptist Church and affiliated buildings.[2]  The Grant, initiated by Governor Blagojevich and approved by Lavin, is alleged to violate both the Illinois Constitution and the Establishment Clause of the United States Constitution.[3]  Based on the latter allegations, Blagojevich removed this case to the federal court.  Defendant Lavin now seeks remand.

A state suit may be removed to federal court where original federal jurisdiction exists. 28 U.S.C. § 1441(a).  Otherwise non-removable claims joined with a claim falling under 28 U.S.C. § 1331 may also be removed. § 1441(c).  However, if at any time following removal, subject matter

---

[2] The church and other buildings were destroyed by fire in January 2006.

[3] The federal constitutional claims are raised under 42 U.S.C. §§ 1983 and 1988.

jurisdiction is found lacking, "the case shall be remanded." 28 U.S.C. § 1447(c).

Lavin argues that Sherman lacks Article III standing to bring his federal claims.[4] If such standing is absent, this Court lacks subject matter jurisdiction, *see Village of Bellwood v. Dwivedi*, 895 F.2d 1521, 1525 (7th Cir. 1990), and remand is necessary, *see* § 1447(c). As the party invoking federal jurisdiction, Defendant Blagojevich bears the burden of establishing the existence of Article III standing.[5] *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Like federal taxpayers, "[s]tate taxpayers have no standing under Article III to challenge state tax or spending decisions simply by virtue of their status as taxpayers." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 346 (2006). Plaintiffs' asserted injury, the unconstitutional use of state funds,

---

[4]Defendant also asserts that remand is necessary because (1) not all defendants consented to removal and (2) the Eleventh Amendment bars federal court adjudication. Because this Court finds that Sherman lacks standing, these arguments are not addressed.

[5]Sherman did not respond to the notice of removal or the motion to remand.

is just such a taxpayer suit.  As such, Article III standing is lacking.

A narrow exception to the bar on taxpayer standing exists where a taxpayer brings an Establishment Clause claim challenging "exercises of congressional power under the taxing and spending clause" that "exceed[] specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power . . . ." *Flast v. Cohen*, 392 U.S. 83, 102-03 (1968).  Here, however, no specific legislative appropriations are identified.  Rather, this case concerns the executive branch's use of general funds.  In such circumstances, the *Flast* exception is inapplicable.  *See Hein v. Freedom from Religion Foundation, Inc.*, 127 S. Ct. 2553, 2565-68 (holding that *Flast* exception did not permit taxpayer suit against program funded by general executive branch appropriations).[6]

Ergo, Sherman lacks the Article III standing necessary to support this Court's jurisdiction, and Defendant Lavin's motion to remand [d/e 5] must be granted.  The motion to strike [d/e 10] Blagojevich's response is denied

---

[6]Though only supported by a plurality, Justice Alito's opinion is the narrowest position and therefore binding. *Freedom From Religion Foundation, Inc. v. Nicholson*, 536 F.3d 730, 738 n.11 (7th Cir. 2008) (citing *Marks v. United States*, 430 U.S. 188, 193 (1977)).

as moot. This case is hereby remanded to the Illinois Circuit Court for the Seventh Judicial District, Sangamon County.

IT IS SO ORDERED.

ENTERED: November 3, 2008

FOR THE COURT: /s Judge Richard Mills
United States District Judge